# In the United States Court of Federal Claims

No. 23-1629C

(Filed: March 4, 2024)

|  |  |
|---|---|
| **DEONN MCCLAIN, EL AL.,** | ) ) ) ) |
| *Plaintiffs,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) ) |

*Deonn McClain, Et al.*, Nashville, TN, *pro se.*

*Mariana Teresa Acevedo*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

***SOLOMSON*, Judge**.

On September 20, 2023, Plaintiffs, Deonn McClain, et al., residents of Nashville, Tennessee, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1. That same day, Plaintiffs filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court granted their IFP motion on September 27, 2023. ECF No. 5. The Court also stayed the case while it reviewed Plaintiffs' complaint for probable lack of jurisdiction. *Id.; see* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").[1] Plaintiffs filed a motion for judgment on November 7, 2023. ECF No. 9. On November 21, 2023, the government filed a motion to stay

---

[1] In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3). This may be done "at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). A court "may and should raise the question of its jurisdiction *sua sponte*" where jurisdiction is in doubt. *Miller v. United States*, 67 Fed. Cl. 195, 198 (2005).

Plaintiffs' motion for judgment.  ECF No. 10.  The Court denied this motion as moot on November 27, 2023, as the case remained stayed while the Court continued to review Plaintiffs' complaint for probable lack of jurisdiction.  ECF No. 11.

Plaintiffs' complaint alleges that, under state law, their contract with the Metropolitan Development and Housing Agency ("MDHA") of Nashville, Tennessee, "results in an… unenforceable contract."  Compl. at 4.  Plaintiffs allege that 24 C.F.R. § 5.713 and 24 C.F.R. § 982.407 violate state law.  *Id.*  These sections provide that a family residing in HUD housing cannot require enforcement of HUD's standards and cannot assert any claim against HUD for alleged failure to enforce those standards.  *Id.*  Plaintiffs allege that these sections violate Tennessee Code Annotated ("Tenn. Code Ann.") § 66-28-203(a)(2), a state law, which provides that no rental agreement may require that the tenant agree to any limitation of liability of the landlord.  *Id.* at 5.[2]  The complaint further alleges that MDHA: compelled Plaintiffs to live in poverty; denied them housing that is decent, safe, sanitary and in good repair; obtained personal information to "usurp" their federal financial assistance; robbed them of income owed to them; and filed false claims against them.  Compl. at 5, 6.

Plaintiffs seek: (1) $8,000,000 for every year they needed assistance and were denied or deprived of it; (2) ownership of the property at 510 Davis Road, Lebanon, TN, 27087; (3) indefinite Supplemental Nutrition Assistance Program benefits without recertification for the rest of their lives; and (4) $5,000 per month for the rest of their lives.  *Id.* at 3.

Plaintiffs are proceeding *pro se*, and this Court generally holds *pro se* plaintiffs' pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."  *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his

---

[2] The supremacy clause of the Constitution provides that "all the laws of the United States…shall be the supreme law of the land…anything in the Constitution or in the laws of the states to the contrary notwithstanding."  U.S. Const. art. 6, cl. 2.  The clause "'[l]aws of the United States' encompasses both federal statutes themselves and federal regulations that are properly adopted in accordance with statutory authorization."  *City of New York v. F.C.C.*, 486 U.S. 57, 63 (1988); *see also Conway v. United States*, 145 Fed. Cl. 514, 522 (2019) ("Whether an agency-promulgated rule preempts state law raises two separate questions.  First, is the agency's regulation authorized by federal statute?  If so, second, does the state law conflict with the agency's regulation?" (citing *New York v. F.E.R.C.*, 535 U.S. 1, 18 (2002))).  Plaintiffs do not attempt to demonstrate that the regulations are unauthorized.  And in any event, to the extent Plaintiffs attempt to challenge the legality of a particular regulation on the basis of state law (or outside the context of a money-mandating claim of some sort), this Court lacks jurisdiction.  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009).

complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

For the reasons set forth below, the Court dismisses, *sua sponte*, Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*" (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, the Tucker Act limits this Court's jurisdiction to claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims' . . . jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). The Court thus lacks jurisdiction to decide claims against a local housing authority, generally, and to hear Plaintiffs' claims against the MDHA, in particular.

*Second*, "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). Plaintiffs seek to void their contract with the MDHA pursuant to Tenn. Code Ann. § 66-28-203(a)(2), a state law. Compl. at 5. The Court, however, does not have jurisdiction to decide Plaintiffs' claims to the extent they are predicated on state law.

Finally, although government contract claims generally fall within this Court's jurisdiction, Plaintiffs' complaint contains no non-frivolous, non-conclusory set of factual allegations remotely suggesting the existence of a contract between Plaintiffs and the United States. *See* 28 U.S.C. § 1491(a)(1); *Perry v. United States*, 2021 WL 2935075, at *3 (Fed. Cir. July 13, 2021) (affirming trial court's dismissal for lack of jurisdiction and failure to state a claim where there were no "factual allegations that there was a meeting of the minds between [plaintiff-appellant] and the [government]"). Moreover, Plaintiffs here do not allege that anyone with "actual authority to bind the government in contract" entered into a contract with them. *El Centro v. United States,* 922 F.2d 816, 820 (Fed. Cir. 1990) (citing *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)). Thus, the Court lacks jurisdiction to hear Plaintiffs' "unenforceable contract" claim.[3]

For the reasons explained above, the Court hereby **DISMISSES** Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[3] In any event, an unenforceable contract cannot support a claim within this Court's jurisdiction. The United States Court of Federal Claims has jurisdiction pursuant to 28 U.S.C. § 1491, which provides this Court with jurisdiction to render judgment under "any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A claim based on the *lack* of a contract is plainly outside this Court's jurisdiction.